STATE, JOHN LEWIS, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN.

Under the District Court act, the judge is authorized to designate a constable to attend the sittings of the court, to preserve order therein, but such constable is entitled only to receive the compensation fixed by the act for attendance upon the court when sitting for the performance of its judicial functions.

On rule to show cause for *mandamus.*

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the relator, *W. T. Hoffman* and *E. T. Paxton.*

For the respondents, *H. Gaede* and *J. C. Besson.*

The opinion of the court was delivered by

KNAPP, J.   *Mandamus* is asked for to compel the mayor of the city of Hoboken to sign a warrant to pay the relator a bill for services in attending, as a constable, upon the District Court of the city of Hoboken.   The relator charged for attendance on the sittings of the court every day, except Sundays, during the month of November, 1879.

The common council approved the bill, and, by resolution, ordered its payment.   The mayor returned the resolution to the council, with his objections, and, on a further consideration, it was passed by the council over the mayor's veto.   He refuses to sign a warrant for payment, on the ground that the money so voted to the relator was not, in his judgment, justly and lawfully due and owing to him from the city.   The rate of compensation was not disputed, but it was denied that so much service had or could have been rendered, for the reason that the court was not sitting so many days during that month.

The question raised is, for what services rendered by the constable in the court, is he entitled to the *per diem* compensation ?

The one hundred and eighty-first section of the District Court act (*Rev.; p.* 1332,) furnishes the sole guide for its determination.

The language of the relative portion of the section is that, " In addition to the fees allowed by this act, the following shall be allowed : *   *   to the constable for each day's actual attendance on the sittings of said court, when such attendance shall be required by the judge, the sum of one dollar, to be paid by the mayor and common council of the city where

said court may be established." It is admitted that the constable attended on each day charged for, at the court-room, and that his presence there was upon the general request of the District Court judge. But it further appears in the case that the rules adopted by the court provide for its sittings for the trial of causes on Tuesdays and Fridays of each week only, and that, in fact, those were the only days devoted to the trial of causes or the performance of other judicial duties. On other days, the judge is usually absent from the court-room.

The relator's theory is that the court is always open, and that there is each day a constructive sitting of the court, at its usual meeting place, where he may attend, and for each day of such attendance, claim pay.

The defendant thought that he should be paid only when he was serving the court at an actual session.

This latter view seems to me to be the correct one, and to be rested upon the only interpretation which the words used in the act will admit of. "Attendance upon the *sittings of the court*," is the condition of payment.

A court is defined by Bacon (*Bac. Abr.*, *tit. " Court," A,*) to be "an incorporeal political being, which requires for its existence the presence of its judges, or a competent number of them, and a clerk or prothonotary, at or during which, and at a place where it is, by law, authorized to be held, and the performance of some public act indicative of the design to perform the functions of a court."

According to the definition of Lord Coke, it is " a place where justice is judicially administered."

The relator seems to have accepted this latter definition, but with altogether too much emphasis upon " the place where."

He regards the judicial presence as not indispensable to its constitution, so long as there be a constable there. This, probably, was not Lord Coke's meaning. The one hundred and eighty-fourth section of the act authorizes the judge to designate a constable to attend the sittings of the court, to

*preserve order therein.* Such appointment is authority to the officer to attend the judge at the place where his court is held, at such times as the judge shall, by general rule or by special order, appoint for a session of the court. For such attendance, the legislature intended that he should receive the prescribed compensation. But it must be attendance upon the *court* when sitting for the performance of its judicial functions. The casual presence of the judge at the court-room, to direct or overlook his clerk, is not such sitting as the statute contemplates. It refers to open public sessions for the transaction of business, in which an exercise of the constable's duty of "preserving order" may possibly be requisite, in aid of the court. The relator's notions of what constitutes the court, for the purposes of his claim, are much aside from the definitions above given of such a body, and are erroneous. It was never intended that he should be employed at the public expense, in waiting at the court-room on days when no court was being or intended to be held. Had the purpose been to allow him a *per diem* compensation for each day in the year except Sundays or legal holidays, the act would have been couched in very different language from that used in it; for it would be difficult to find words more apt to restrict his services to actual court days, or days on which the judge is engaged, in some way, in the actual conduct of judicial proceedings, than those found in the section in question. There is nothing to be found in the terms of this law to warrant the supposition that the legislature intended to burden the city with the payment of a year's compensation for twenty-four days' actual service in the court.

This bill, to the extent that it was covered by the objection of the mayor, is illegal. In refusing to pay it, the mayor acted rightly, and with wise caution, in view of the provisions of the one hundred and fiftieth section of the crimes act.

The <em>mandamus</em> is refused, with costs.